IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                            ORDER

        v.                                        05-CR-177-WMC-01

JAMES I. MONTROY,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      A hearing on the probation office's petition for judicial review of James I. Montroy's supervised release was held on January 14, 2011, before U.S. District Judge William M. Conley. The government appeared by Assistant U.S. Attorney Timothy M. O'Shea. Defendant was present in person and by counsel, Gregory N. Dutch. Also present was Assist. Deputy Chief U.S. Probation Officer Paul J. Reed .

      From the record, I make the following findings of fact.

FACTS

      Defendant was sentenced in the Western District of Wisconsin on March 24, 2006, following his conviction for interstate transportation of stolen securities, in violation of 18 U.S.C. §§ 2314 and 2. This offense is a Class C felony. He was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 13 months, with a 36-month term of supervised release to follow, and ordered to pay restitution in the amount of

$26,491. On July 16, 2010, defendant's conditions of supervised release were modified, adding a special condition requiring him to reside for up to 180 days in a residential reentry center. The condition was added to assist him in his transition back into the community.

Defendant began his term of supervised release on June 1, 2010, in the Central District of Illinois. In November and December 2010, he repeatedly violated the mandatory condition prohibiting him from committing another federal, state, or local crime, when he violated court orders entered by Warren County, Illinois, Circuit Court Judge Raymond A. Cavanaugh and U.S. Magistrate Judge Stephen L. Crocker, which prohibited defendant from contact of any kind, directly or indirectly, with Jacqueline D. Hoopes. At the time the orders were entered, Ms. Hoopes was the alleged victim of a domestic battery charge against the defendant. On the day of his court hearing for his domestic battery charge against Ms. Hoopes, defendant drove with her from Rock Valley Community Programs residential reentry center in Wisconsin to his court hearing in Warren County, Illinois, Circuit Court. During the hearing, defendant pled guilty to an ordinance violation for possession of marijuana in exchange for dismissal of his domestic battery charge.

Defendant's conduct falls into the category of a Grade C violation pursuant to USSG 7B1.1(a)(3). Upon the finding of a Grade C violation, and pursuant to USSG 7B1.3(a)(2), the Court has the discretion of revoking supervised release, extending the term of supervision, or modifying the conditions of supervision.

CONCLUSIONS

Defendant's violations warrant revocation. Accordingly, the 36-month term of supervised release imposed on defendant on March 24, 2006, will be revoked.

Defendant's criminal history category is VI. With a Grade C violation and a Criminal History Category VI, defendant has an advisory guideline term of imprisonment range of 8 to 14 months. The statutory maximum to which defendant can be sentenced upon revocation is 24 months, pursuant to 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which defendant was sentenced previously was a Class C felony.

After reviewing the non-binding policy statements of chapter 7 of the Sentencing Guidelines, I have selected a sentence in the middle of the guideline range. The intent of this sentence is to (1) hold the defendant accountable for his violations while also protecting the public and (2) ensure that, upon the defendant's next supervised release, he understands both the importance of, and the adverse consequences of violating, the conditions imposed by this court, as well as the importance of dealing forthrightly with the probation office and other law enforcement officials.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on March 24, 2006, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of one year and one day. I recommend that defendant's placement be as close to Pekin, Illinois as possible.

A 24-month term of supervised release shall follow. All standard and special conditions of supervised release previously imposed shall remain in effect, including Special Condition No. 5, requiring him to reside for up to 180 days in a residential reentry center. It is further ordered that the following special condition be added to the term of supervised release:

> Special Condition No. 6: "Participate in a mental health referral, assessment and treatment as approved by the supervising U.S. probation officer and comply with all rules, regulations and recommendations of the mental health agency or its representative to the extent approved by the supervising U.S. probation officer. Defendant shall take any medications prescribed by a licensed medical provider."

Defendant is to be registered with local law enforcement agencies and the state attorney general before his release from confinement.

Defendant does not have the financial means or earning capacity to pay the cost of incarceration.

Entered this 20th day of January, 2011.

BY THE COURT:
/s/

_____
William M. Conley
U.S. District Judge